UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
        v.                         )   CR. No. 12-116 S
                                   )
ANTHONY CUCINOTTA,                 )
                                   )
        Defendant.                 )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Pending before the Court is Defendant Anthony Cucinotta's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52).[1] For the reasons that follow, Defendant's motion is DENIED and his application under § 2255 is DISMISSED.

I.  Background

In August 2012, Defendant signed a plea agreement in which he agreed to plead guilty to three counts: (1) possession with intent to distribute less than fifty kilograms of a mixture and

---

[1] Also pending before the Court are Defendant's motion for default judgment (ECF No. 60) and motion to strike (ECF No. 61). In addition to restating the arguments made in his § 2255 application, Defendant claims in these motions that the Government was not timely in its response. These motions are DENIED AS MOOT. Insofar as these motions raise substantive issues also raised in Defendant's § 2255 application, those issues are resolved in this Memorandum and Order and, furthermore, a review of the docket reveals that the Government's response was timely.

substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 1); (2) possession of a firearm after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and (3) possession of a firearm and ammunition after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, also in violation of 18 U.S.C. § 922(g)(1) (Count 3). This Court accepted the plea and sentenced Defendant to a term of incarceration of 48 months.

In February 2014, Defendant filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. To the extent that his application is decipherable, Defendant seems to assert three grounds for relief. In brief, Defendant asserts a claim for ineffective assistance of counsel based on several perceived failings by his attorney. Defendant also argues that his ownership of state medical marijuana and firearms licenses should have prevented his conviction. Finally, Defendant contends that some $6,900 was stolen from him during the course of the proceedings against him. The Court addresses each of these arguments in turn.

II. Discussion

A defendant may move to vacate, set aside or correct sentence if "the sentence was imposed in violation of the

Constitution or laws of the United States, or [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Because the defendant bears the burden of establishing the need for an evidentiary hearing, courts have held that evidentiary hearings are unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993) (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).

> In other words, a "§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'"

McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)). The Court concludes that Defendant's assorted grounds for relief do not merit an evidentiary hearing.

   A.   Ineffective Assistance of Counsel

In his application, Defendant asserts a violation of the Sixth Amendment which guarantees defendants the right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). In order for a defendant to prevail on an

ineffective assistance of counsel claim, he "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" and proffer evidence of such. Id. at 690. A defendant also "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant's allegations with regard to the perceived ineffectiveness of his attorney are conclusory and ultimately frivolous. Defendant asserts variously that he was abandoned by counsel, that there was a breach of duty by counsel and that counsel failed to file an appeal. He does not further elaborate on or substantiate these alleged acts or omissions in any way. Because Defendant presents no evidence of these allegations, no reference to how these allegations fall below the standard of reasonable professional judgment and no reference to how these allegations prejudiced him, these allegations are "inadequate on [their] face" and do not constitute grounds for relief.[2] McGill, 11 F.3d at 226 (quoting Moran, 494 F.2d at 1222).

---

[2] Moreover, insofar as Defendant attacks his counsel for failure to file an appeal, Defendant waived his right to appeal in his plea agreement as the sentence he received was below the guideline range. A review of the transcript from Defendant's change of plea hearing reveals Defendant was questioned about and fully understood the consequences of this waiver. See United States v. De-La-Cruz Castro, 299 F.3d 5, 10 (1st Cir. 2002) (discussing enforceability of a presentence waiver where

4

B.  State Permit and Certification

Defendant argues that his Rhode Island Department of Health medical marijuana permit prevents him from being charged, convicted and imprisoned for Count 1 under federal law because this permit allowed him to legally possess marijuana in Rhode Island.[3]  Similarly, Defendant argues that his Rhode Island Department of Environmental Management pistol/revolver certification[4] prevents him from being charged, convicted and imprisoned for Counts 2 and 3 under federal law because this certification allowed him to legally possess a firearm in Rhode Island.[5]

Defendant maintains that his state marijuana permit and firearms certification prevent him from being convicted for possession of these items.  Even assuming his permit and certification are valid protections under the relevant drug and

---

the waiver is included in the written agreement and where the defendant is adequately questioned as to his understanding of the waiver).

[3] Defendant includes a copy of his permit in his application.  He also notes that his "significant other" had a similar permit.

[4] Defendant includes a copy of his certification in his application and again notes that his significant other possessed a similar certification.

[5] Relatedly, Defendant claims that the Rhode Island Attorney General's Office has been "fabricating records" and has "made false representations."  (ECF No. 52-1.)  These claims are wholly unsubstantiated and the Court declines to consider them.

5

firearm provisions of Rhode Island law, Defendant's arguments fall victim to the Supremacy Clause, which "unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Gonzales v. Raich, 545 U.S. 1, 29 (2005). Because the conduct Defendant was convicted of is prohibited under federal law, his state permits and certifications afford him no protection. See United States v. Hendricks, 119 F.3d 290, 293 (4th Cir. 1997) (holding a state law allowing felons to possess firearms in certain instances did not preclude the defendant from federal prosecution for the same conduct under § 922(g)(1)).[6]

C. Stolen Currency

In his application, Defendant argues that some $6,900 was "stolen" from him by either his attorney or by the Court.[7] As to this money, Defendant states that he "do[es] not have it, ha[s]

---

[6] Defendant additionally argues that it is his constitutional right to bear arms in his home under the Second Amendment. Defendant cites District of Columbia v. Heller, 554 U.S. 570 (2008), which he states found that the "[Second Amendment] right to bear arms may not be infringed where the gun is in the home and for home protection and is not within the gamut of federal reach if permitted by the states." To the contrary, Heller states: "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Id. at 626.

[7] To his application, Defendant attaches a Standard Form 95 used to present property damage, personal injury or wrongful death claims against the United States under the Federal Torts Claims Act. (ECF No. 52-2.) The Federal Torts Claims Act does not give rise to relief under § 2255.

not ever received it, did not sign it over to anyone else or waive receipt of it." (ECF No. 52-1.) Defendant demands that the "stolen" money be returned to him.

The First Circuit has held that "relief from a monetary-type penalty" is not "cognizable in a § 2255 proceeding." Rodriguez v. United States, No. 95-2322, 1997 WL 770636, at *1 (1st Cir. Dec. 12, 1997). Therefore, Defendant's argument is without merit. Moreover, the Defendant has no entitlement to these funds as the forfeiture of these assets was part of his plea agreement. The plea agreement, in relevant part, states: "Defendant further agrees that the $6,970 in United States currency seized from the Defendant's residence and currently in the custody/control of the Bureau of Alcohol, Tobacco, Firearms and Explosives, was properly seized and is subject to forfeiture under 21 U.S.C. § 853(a)." (Plea Agreement 2, ECF No. 21.)

III. Conclusion

For the foregoing reasons, Defendant's motion to vacate, set aside, or correct sentence is DENIED and his application under § 2255 is DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court finds that this case is not appropriate for the issuance of a certificate of appealability because Defendant has failed to

make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Defendant is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.


IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: August 18, 2014